PARIS & MT. P. R. CO. v. BRIDGES et al.
(No. 1970.)

(Court of Civil Appeals of Texas. Texarkana. April 23, 1918. Rehearing Denied May 2, 1918.)

1. RAILROADS ⬅➡412(1) — INJURIES TO ANIMALS—MAINTENANCE OF FENCE.

It is not negligence for a railroad company to remove a portion of the fence inclosing its right of way unless the remaining portion thereby makes the situation more dangerous for stock running at large.

2. RAILROADS ⬅➡443(6) — INJURIES TO ANIMALS—EVIDENCE.

In an action against a railroad company for the death of a mule which had strayed onto the right of way because of the removal of a fence, evidence *held* insufficient to·show negligence.

Appeal from Red River County Court; R. J. Williams, Judge.

Action by J. H. Bridges and others against the Paris & Mt. Pleasant Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

J. M. Burford, of Mt. Pleasant, for appellant. George Morrison, of Clarksville, for appellees.

HODGES, J. This appeal is from a judgment in favor of the appellees for the value of a mule killed upon the appellant's right of way. The owner testified that he fed the animal at night on May 2, 1917, and "turned it out to graze." He found it next morning about 8 o'clock dead and lying near the end of a trestle on appellant's roadbed. The testimony showed that a part of the fence which inclosed the railway right of way had been removed, and that the animal had entered through that opening some time during the night. Tracks found on the roadbed and about 40 feet south of the trestle indicated that the mule was running north toward the trestle. Hair and blood were found on the ties. ·The mule's legs were skinned and its neck broken, but no other abrasions discovered. There was evidence which warranted a finding that some time early on that night one of the appellant's freight trains passed that point going north. The case originated in the justice court, and the pleadings of the plaintiff were oral. From the claim filed and the citation issued the cause of action seems to be founded upon the removal of the fence and in frightening the animal, causing it to run over the trestle.

[1] It is not negligence for a railroad company to remove a portion of the fence inclosing its right of way, unless the remaining portion thereby makes the situation more dangerous for stock running at large. There is no evidence that any such dangerous situation was produced in this instance. The condition of the body did not indicate that the mule had been struck by a locomotive. It may be that it was frightened by an approaching train and caused to run over the trestle, but that fact alone does not show liability on the part of the appellant. It can only be held responsible for negligence in causing such an injury. Evidence of the animal's first appearance on the railway track showed that it was only 40 feet from the trestle and about 70 feet from where its body was found. The circumstances under which the mule went upon the track and was injured are not shown.

[2] The evidence is insufficient to show negligence, and the judgment will be reversed, and the cause remanded.